UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTER FINNEY,<br><br>     Plaintiff,<br><br>     v.<br><br>GAVIN NEWSOM,<br><br>     Defendant. | No.  2:21–cv–1853–WBS–KJN PS<br><br>ORDER GRANTING IFP REQUEST;<br>FINDINGS AND RECOMMENDATIONS TO<br>DISMISS WITHOUT LEAVE TO AMEND<br><br>(ECF No. 6.) |

    Previously, the court in the Eastern District of Texas severed a portion of plaintiff's complaint and transferred the claim to this district.  (ECF Nos. 1, 3, 4.)  Thereafter, the undersigned noted the filing fee had yet to be satisfied, and so ordered plaintiff to either pay the fee, request leave to proceed in forma pauperis ("IFP"), or voluntarily dismiss.  (ECF No. 5.)  Plaintiff, who is proceeding without counsel in this action, now requests IFP status.[1]  (ECF No. 6.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).  Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

    However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).

**Legal Standards**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  Rule 12(b)(6).  A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory.  Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).  To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).  The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations."  Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

Pro se pleadings are to be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal).  Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if amendment would be futile, no leave to amend need be given.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

Here, plaintiff's original complaint is compound. (ECF No. 2.) The bulk of plaintiff's claims center on allegations under 42 U.S.C. Section 1983 against various corrections officers in Texas. This includes an allegation that a corrections officer allowed a "patent process" to be stolen.[2] (Id. at 3.) Buried in these allegations are the following statements:

- The Governor of California has pasted into law the same invention, process to wit I believe this is my invention.
- [Plaintiff] wishes to express in a concrete form of this process that this invention, process is in tangible form and can be used and or made useful, even if this expression is only on paper it is still my invention.
- The California Governor can not and may not file a terminal disclaimer to avoid double patenting because the invention, process was stolen and the California modle [sic] is an obvious modification of my invention, process.

(Id. at 3-4.) The complaint seeks treble damages, cites to 35 U.S.C. Section 262, and at times appears to seek settlement. (Id. at 4, 9.) Plaintiff also appends a "cease and desist" letter alluding to a "process of representation of collage students of sports and others likeness." (Id. at 13.)

Liberally construed, the complaint fails to state a claim on which relief can be granted. Plaintiff references an "invention," that he allegedly owns, but fails to provide the necessary detail to demonstrate such a claim exists. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."); Twombly, 550 U.S. at 555-57 (To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."). Further, 35 U.S.C. Section 262 concerns the rights of joint owners of patents, but plaintiff asserts he has no patent. (See ECF No. 2 at 15 (alleging corrections officers searched his papers and stole an invention "before I could patent it process of representation . . . .").)

Further, the undersigned finds that allowing plaintiff leave to amend would be futile. Cahill, 80 F.3d at 339. Even assuming plaintiff could state enough facts to indicate he has a right to a patentable invention under Twombly and Iqbal, states and their officers have Eleventh

---

[2] The undersigned makes no comment on plaintiff's theft claims against the Texas correctional officers, as any such claim remained with the Eastern District of Texas upon severance.

Amendment immunity from suits for money damages under the patent act.  See, generally, Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys., 458 F.3d 1335, 1340 (Fed. Cir. 2006) (noting that while federal courts have subject matter jurisdiction to hear cases involving federal law, the Eleventh Amendment gives the state a sovereign immunity from suit) (citing Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267-68 (1997)); see also Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank, 527 U.S. 627 (1999) (holding that Congress had not properly abrogated states' Eleventh Amendment immunity from patent suits).

### ORDER AND RECOMMENDATIONS

Accordingly, plaintiff's motion to proceed in forma pauperis is GRANTED.  Further, it is hereby RECOMMENDED that plaintiff's claim against defendant Newsom be DISMISSED and leave to amend be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  November 4, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

finn.1853